
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL RENNAN AVENDANO PENA, | No. 14-70373 |
| Petitioner, | Agency No. A089-432-226 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, WARDLAW, Circuit Judge, and
BENCIVENGO,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Raul Rennan Avendano Pena ("Pena"), a native and citizen of Mexico, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") decision denying him adjustment of status under the Child Status Protection Act ("CSPA"), Pub. L. No. 107–208, 116 Stat. 927 (2002). We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We deny the petition.

1. The BIA correctly concluded that Pena cannot avail himself of the CSPA's benefits because Pena had not, as required, "sought to acquire the status of an alien lawfully admitted for permanent residence within one year of" the date on which an immigrant visa number became available to him. 8 U.S.C. § 1153(h)(1)(A). A family second-preference-A ("F2A") immigrant visa became available to Pena in May 2005. Pena did not apply to adjust his status to lawful permanent residence until May 4, 2007, nearly two years later, when he filed an Application to Adjust Status (Form I-485) with the United States Citizenship and Immigration Service ("USCIS"). USCIS deemed Pena's application abandoned and denied it when Pena failed to submit required documentation within the time allotted. Because Pena failed to "s[eek] to acquire" lawful permanent resident ("LPR") status "within one year of" the date on which an immigrant visa number became available to him, he cannot now take advantage of the CSPA to maintain

2

his status as a "child" under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. §§ 1101(b)(1); 1153(h)(1)(A). Accordingly, the BIA correctly affirmed the IJ's determination that Pena cannot maintain his "child" status through the CSPA, now that he has "aged out."

2. The BIA did not err in rejecting Pena's claim that he actually "sought to acquire" LPR status "within one year of" visa availability by filing a second application to adjust status on February 29, 2008, eight months before F2A visas for Mexican nationals with Pena's priority date became newly available after a period of retrogression. First, the phrase "within one year" does not include the year *before* a visa becomes available. The INA requires a visa applicant to show that "an immigrant visa is immediately available to [him] *at the time the application is filed.*" 8 U.S.C. § 1255(i)(2)(B) (emphasis added). Thus, an application to adjust status filed before a visa becomes available must be dismissed.

Second, the BIA properly relied on Department of Homeland Security ("DHS") guidance to conclude that "the facts of [Pena]'s case are not covered by the 2008 USCIS memorandum issued by Donald Neufeld." We owe "interpretations contained in policy statements, agency manuals, and enforcement guidelines" deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

3

*Landin-Molina v. Holder*, 580 F.3d 913, 920 (9th Cir. 2009). In 2008, DHS published a policy memorandum containing guidance on applying the CSPA in cases where visa numbers have retrogressed and then become newly available. *See* Memorandum, Donald Neufeld, Acting Assoc. Dir., Domestic Operations, to Field Leadership, Subject: Revised Guidance for the Child Status Protection Act (CSPA), 2008 WL 1963663, at *5 (Apr. 30, 2008). Applying this guidance, the IJ and BIA correctly concluded that Pena was not entitled to use the later visa availability date from which to calculate the CSPA's one-year filing deadline. The guidance memorandum is a persuasive and reasonable interpretation of law that is consonant with the CSPA's aim of making the visa application process more predictable and less arbitrary, and with the CSPA's incentives for promptly filing adjustment applications. Therefore, we defer to the DHS guidance memorandum, and conclude that the IJ and BIA properly relied upon it in rejecting Pena's contrary interpretation of the CSPA's one-year filing requirement.

3. The BIA did not err in concluding that Pena cannot adjust status because a visa is currently unavailable to him. Because Pena cannot qualify for the CSPA's protections, Pena's visa preference category automatically converted to the family second-preference-B ("F2B") category upon his twenty-first birthday, on March 9, 2008. Pursuant to 8 U.S.C. § 1153(h)(3), Pena retained his original

4

priority date of January 20, 1998 after conversion. The Department of State's Visa Bulletin reveals that an F2B visa is not yet available for Pena's priority date. Therefore, the BIA correctly concluded that Pena "has untimely filed for adjustment of status because he is not presently eligible for any immigrant visa." *See* 8 U.S.C. § 1255(i)(2).

**PETITION DENIED.**